1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11    LAURENCE CLAYTON,                    )    Case No.: 1:16-cv-01241 - JLT
                                           )
12              Plaintiff,                 )    ORDER GRANTING DEFENDANT'S MOTION
                                           )    TO STAY
13        v.                               )
                                           )
14    SYNCHRONY BANK,                      )    (Doc. 9)
                                           )
15              Defendant.                 )
                                           )
16    _____       )

17          Laurence Clayton asserts Defendant Synchrony Bank engaged in improper debt collection

18    practices through repeatedly calling his cell phone number and using an automatic telephone dialing

19    system to place its calls.  Therefore, Plaintiff asserts Defendant is liable for violations of the Rosenthal

20    Fair Debt Collection Practices Act and Telephone Consumer Protection Act ("TCPA").  (*See* Doc. 1 at

21    6-10)  Defendants seek to stay the action pending a ruling by the D.C. Circuit Court, which is

22    considering the definition of "automatic telephone dialing system" under the TCPA.  (Doc. 9)  For the

23    following reasons, Defendant's motion for a stay is **GRANTED**.

24    **I.       Procedural History**

25          Plaintiff initiated this action by filing a complaint in Kern County Superior Court, Case No.

26    BCL-16-012755 on July 18, 2016.  (Doc. 1 at 6)  Plaintiff alleges that since January 2016, "Defendant

27    has called Plaintiff approximately three hundred times on his cell number."  (*Id.* at 7, ¶ 5)  He asserts

28    that he "told Defendant to stop calling him, on at least one occasion."  (*Id.*)  According to Plaintiff,

"Defendant continued to call Plaintiff despite his request to stop the calls." (*Id.*) Plaintiff asserts that Defendant used an "automatic telephone dialing system… to place its repeated collection calls." (*Id.*, ¶6) Plaintiff contends these "calls were excessive and harassing," and "were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)." (*Id.*, ¶¶5, 7) Therefore, Plaintiff asserts Defendant is liable for violations of California's Rosenthal Act and the TCPA. (*Id.* at 8-10)

Defendant filed a Notice of Removal on August 23, 2016, thereby initiating the action before this Court. (Doc. 1) Defendant filed the motion to stay now pending before the Court on September 27, 2016.[1] (Doc. 9) Plaintiff filed his opposition to the motion on October 19, 2016 (Doc. 11), to which Defendant filed a reply on October 26, 2016 (Doc. 12).

## II.      Request for Judicial Notice

Defendant filed a request for judicial notice in support of its motion, requesting the Court take notice of the following documents:

1.    *ACA International Amended Petition for Review*, Case No. 15-211 D.C. Circuit Court of Appeals, July 13, 2015.

2.    Order consolidating in the District of Columbia Circuit Court petitions for review of the Federal Communications Commission Declaratory Ruling and Order released on July 10, 2015.

3.    Order setting the briefing schedule in *ACA International v. Federal Communications Commission et al.*, Case No. 15-211 D.C. Circuit Court of Appeals, October 13, 2015.

4.    Order setting schedule for oral argument in *ACA International v. Federal Communications Commission et al.*, Case No. 15-211 D.C. Circuit Court of Appeals, July 25, 2016.

5.    *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG docket No. 02-278, Declaratory Ruling, July 10, 2015.

(Doc. 10)

The Court may take judicial notice of a fact that "is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.  The

---

[1] The defendant has not filed a responsive pleading. "While a motion to stay is generally considered to be outside of the ambit of the Rule 12(b) motions that suffice as responsive pleadings, they are often considered by courts prior to the filing of an answer." *Sorensen v. Head USA, Inc.*, 2006 WL 6584166, at *1 (S.D. Cal. Oct. 13, 2006)

records of court proceedings and orders cannot reasonably be questioned, and judicial notice may be taken of a court's documents and orders. *Mullis v. United States Bank*. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981); *see also Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th. Cir. 1980).  Accordingly, Defendant's request for judicial notice is **GRANTED**.

## III.    Legal Standards

The Supreme Court explained the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936).  To evaluate whether to stay an action, the Court must the weigh competing interests that will be affected by the grant or refusal to grant a stay.  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  Among these competing interests are: (1) the possible damage from the granting of a stay; (2) the hardship or inequity a party may suffer in being required to go forward; (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay; (4) " the interests of the plaintiffs in proceeding expeditiously with this litigation;" and (5) "the convenience of the court in the management of its cases and the efficient use of judicial resources." *Id.*; *Fed Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989).

The party seeking a stay "bears the burden of establishing its need."  *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).  The Supreme Court explained, "If there is even a fair possibility that the stay . . . will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity." *Landis*, 299 U.S. at 255.  The decision whether to grant or deny a stay is committed to the Court's discretion.  *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

## IV.    Discussion

### A.    Summary of the parties' positions

Defendant observes that the D.C. Circuit court is currently considering the TCPA definition of "automatic telephone dialing system" in *ACA International v. Federal Communications Commission*, Case No. 15-1211 ("*ACA International*").  (Doc. 9 at 7; Doc. 10, Exh. A)  Because Plaintiff alleges

1    Defendant used an "automatic telephone dialing system" as defined by the TCPA to place its phone

2    calls, Defendant asserts the definition "is a central element of Plaintiff's claim." (*Id.*) According to

3    Defendant, "Once the D.C. Circuit rules upon this issue, either Plaintiff's TCPA claim will be

4    extinguished or the ruling will dictate the scope of the issues and discovery needed in this case." (*Id.*)

5         Plaintiff argues that the matter should not be stayed because "Plaintiff will further suffer harm

6    from a stay, resulting from lapse of time, memory of witnesses fading, and company turnover at

7    Defendant's place of business, with regard to material witnesses." (Doc. 11 at 10)  Plaintiff contends

8    that "while the exact amount of prejudice at issue is difficult to calculate, courts have long agreed that

9    time will have an effect on evidence at trial." (*Id.*)  Plaintiff observes that the Ninth Circuit determined

10   stays "should not be granted unless it appears likely the other proceeding will be concluded within a

11   reasonable time." (*Id.*, quoting *Dependable Highway v. Navigators, Inc*., 498 F.3d 1059, 1066 (9th Cir.

12   2007)  According to Plaintiff, "Defendant has provided no valid argument to show that the timeframe

13   in question is reasonable" and it "is pure speculation" that a stay will be short." (*Id.* at 11) However, at

14   the hearing, Plaintiff admitted that because the oral argument has occurred, a decisions should issue

15   shortly.

16        On the other hand, Plaintiff contends the action should not be stayed because "Defendant has

17   refused to acknowledge or admit that they are using an [automatic telephone dialing system]." (Doc 11

18   at 13, emphasis omitted)  Plaintiff asserts that without such an admission, "Defendant cannot

19   reasonably argue to this Court that the D.C. Circuit Court ruling will apply to the facts of this case."

20   (*Id.*, emphasis omitted)

21        **B.      Analysis**

22        Plaintiff asserts that Defendant "used an 'automatic telephone dialing system,' as defined by 47

23   U.S.C. § 227(a)(1) to place its repeated collection calls to Plaintiff[]." (Doc. 1 at 7, ¶ 6, emphasis

24   omitted). The TCPA defines such systems as "equipment which has the *capacity*—(A) to store or

25   produce telephone numbers to be called, using a random or sequential number generator; and (B) to

26   dial such numbers." 47 U.S.C. 227(a)(1) (emphasis added).  The Federal Communications Commission

27   determined the definition included any system with the "'future capacity'" to store, generate, or dial

28   random or sequential numbers through future changes in its hardware or software." *See Small v. GE*

4

*Capital, Inc.,* 2016 WL 4502460, at *2 (C.D. Cal. June 9, 2016).  In *ACA International*, the court is now considering "whether the word 'capacity' meant (1) the 'current capacity' or 'present ability' of the equipment at the time the calls were made… or (2) the future 'capacity' to generate and dial random or sequential numbers through modification of the hardware and software used in the telephone systems."  (Doc. 9 at 14, citing Doc. 10, Exh. E)  Defendant asserts that if the proper test for a system is the "current capacity" rather than "future capacity," then Synchrony Bank would be absolved from liability under the TCPA "because its telephone equipment lacks such present capacity."  (Doc. 9 at 14)

As Defendant observes, courts in the Ninth Circuit—and around the country—have granted stays of cases involving the TCPA pending the decision in *ACA International* and resolution of the definition of the word "capacity."  (*See* Doc. 9 at 9, citing *e.g.*, *Small v. GE Capital, Inc*., No. EDCV152479JGBDTBX, 2016 WL 4502460 (C.D. Cal. June 9, 2016); *Errington v. Time Warner Cable*, 2:15-cv-02196, 2016 WL 2930696 (C.D. Cal. May 18, 2016); *Chattanond v. Discover Fin. Servs.*, LLC, 2016 BL 59996 (C.D. Cal. Feb. 26, 2016); *Fontes v. Time Warner Cable, Inc.*, No. CV14-2060-CAS(CWX), 2015 WL 9272790 (C.D. Cal. Dec. 17, 2015)).

For example, in *Small*, the Central District of California determined a stay was appropriate in another action against Synchrony Bank because "the ruling in *ACA International* will likely bear on whether Synchrony Bank's dialer at time of the calls at issue was an 'automatic telephone dialing system.'"  *Small,* 2016 WL 4502460, at *3.  The court observed that briefing on the issue was complete "and a decision by the D.C. Circuit is forthcoming."  *Id.* at *3.  Thus, the stay would not be "indefinite" as the plaintiff argued.  *Id.* at *2-3.  The court concluded, "Given the absence of any prejudice to Plaintiff, the possibility the ruling may dispose of Plaintiff's claims against Synchrony Bank, and the advanced stage of the proceedings in *ACA International*, the Court finds it more efficient to stay this action pending a ruling by the D.C. Circuit in *ACA International*."  *Id.* at *3.

On the other hand, as Plaintiff observes, courts in the Northern District determined a stay was not appropriate in similar circumstances.  (*See* Doc. 11 at 14, citing *Kafatos v. Uber Technologies, Inc*., Case No. 15-cv-03727-JST, 2016 WL 97489 (ND. Cal. Jan. 8, 2016); *Lathrop v. Uber Technologies, Inc*., Case No. 14-cv-05678-JST, 2016 WL 97511 (N.D. Cal. Jan. 8, 2016)).  The court observed that while the decision in *ACA International* "could be beneficial to this action by clarifying certain

questions of law, the parties still require discovery on a number of factual issues regardless of the outcome of those cases." *Kafatos*, 2016 WL 97489 at *2.  In addition, the court found the posture of *ACA International* was significant, explaining that "while the briefing schedule is set in the case, oral argument has not yet been scheduled and neither the parties and nor the Court can forecast when the D.C. Circuit will ultimately issue a decision." *Lathrop*, 2016 WL 97511 at *4.  Further, the court indicated that "the D.C. Circuit is unlikely to be the final step in the litigation over the FCC's 2015 Omnibus Order," and the unsuccessful party "is almost certain to appeal to the Supreme Court." *Id.* Thus, the court determined the plaintiffs "would suffer prejudice from a stay because the case would extend for an indeterminate length of time, increase the difficulty of reaching class members, and increase the risk that evidence will dissipate." *Id.*

Significantly, the facts now before the Court are different from those in the *Uber* cases because *ACA International* is now in a different posture.  Briefing on the issue has concluded, and the court heard oral arguments on October 19, 2016.  (*See* Doc. 12 at 4-5)  Thus, as Defendant argues, a decision is likely imminent and not indefinite, whether or not the decision is appealed to the Supreme Court. Rather, the Central District's analysis is persuasive, because the ruling in *ACA International* may completely dispose of one of Plaintiff's claims against Synchrony Bank.  As such, the parties should not have to engage in discovery related to a claim that may not be viable.  In addition, Plaintiff fails to demonstrate he would be prejudiced by the stay, given the early stage of the proceedings.[2] *See Small*, 2016 WL 4502460, at *3.

Finally, the Court finds preservation of judicial resources weigh in favor of granting the entry of a stay pending resolution of the issue before the D.C. Circuit Court of Appeals.

**V.     Conclusion**

Based upon the foregoing, the Court **ORDERS**:

1.      Defendant's motion to stay the proceedings (Doc. 9) is **GRANTED**.

2.      The matter is **STAYED**.  However, in light of the stay, the defendant **SHALL** preserve any evidence bearing on the plaintiff's claims including ensuring it retains contact information for any

---

[2] Further, this is not a class action where the difficulty of reaching class members and class discovery weighs against the entry of a stay.

1    employee-witness who hereafter leaves the defendant's employ and as to any witnesses within its

2    control; and

3          3.      The parties **SHALL** file a status report within 10 days of the decision in *ACA*

4    *International v. Federal Communications Commission et al.*, Case No. 15-211.

5

6    IT IS SO ORDERED.

7        Dated:   **November 7, 2016**              **/s/ Jennifer L. Thurston**

8                                          UNITED STATES MAGISTRATE JUDGE